```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
```

------------------------------------------------------------------- X
:
TANYA L. CAPERS, :
:
Plaintiff, :
:
-against- : **REPORT AND**
: **RECOMMENDATION**
ANDREW SAUL, Commissioner of Social Security, : 1:19-cv-4148 (WFK)(PK)
:
Defendant. :
:
------------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

Tanya L. Capers ("Plaintiff") filed this action on July 16, 2019 under the Social Security Act, 42 U.S.C. § 405(g), seeking review of the decision of Commissioner of the Social Security Administration Andrew Saul ("Defendant") to deny Plaintiff's claim for Social Security Disability Insurance Benefits ("DIB") under Sections 216(1) and 223 of the Social Security Act and Supplemental Security Income ("SSI") benefits under Sections 1611 and 1614 of the Act. ("Compl.," Dkt. 1.) After a favorable decision by Defendant on remand of this case, Plaintiff's counsel Meredith E. Marcus of the law firm Daley Disability Law, P.C. filed a motion for an award of attorneys' fees pursuant to 42 U.S.C. § 406(b) (the "Motion"). ("Mot.," Dkt. 20.)

The Honorable William F. Kuntz II referred the Motion to me for a report and recommendation. For the reasons stated herein, I respectfully recommend that the Motion be granted, and that Plaintiff's counsel be awarded $24,567.75 in fees.

## BACKGROUND

Plaintiff suffers from various medical conditions for which she has been repeatedly hospitalized. (Plaintiff's Memorandum in Support of Motion for Summary Judgment or Remand ("Memo. in Support of SJ") at 2-6, Dkt. 13.) Plaintiff filed an application for Social Security DIB on July 29, 2015 and an

1

application for Social Security SSI on July 30, 2015. (Compl. ¶ 6.) These applications were denied on December 14, 2015. (*Id.*) Plaintiff then filed a request for a hearing, and on January 3, 2018, Plaintiff appeared before an Administrative Law Judge ("ALJ"), who, by notice dated June 14, 2018, denied Plaintiff's claims. (*Id.*) Plaintiff filed a Request for Review of the hearing decision with the Social Security Administration's ("SSA") Appeals Council, which denied review on February 16, 2019, "thus rendering a final administrative decision by [Defendant]." (*Id.* ¶ 7.)

On June 17, 2019, Plaintiff retained Frederick J. Daley, Jr., owner of Daley Disability Law, P.C. to represent her and her dependents in federal court. (Social Security Contingent Fee Contract ("Fee Agreement"), Ex. B to Mot., Dkt. 20-2; Mot. ¶ 9.) The Fee Agreement advised Plaintiff that counsel could "keep 25% of the past-due benefits if awarded by the court or the EAJA [Equal Access to Justice Act] fee, whichever is the higher of the two." (Fee Agreement at 1 (ECF pagination).) The agreement also stated that Daley could "appoint another representative as his designee to represent [Plaintiff] in [her] claim." (*Id.*)

On July 16, 2019, Plaintiff filed the Complaint requesting that the Court review Defendant's adverse decision. (Compl. ¶ 9.) On December 23, 2019, Plaintiff filed a Motion for Summary Judgment (Dkt. 12), which the Honorable William F. Kuntz II denied as improperly filed. (Min. Entry dated Feb. 5, 2020.) Thereafter, the parties field a stipulation of remand (Dkt. 15), and on February 12, 2020, Judge Kuntz ordered that Defendant's adverse decision be reversed and Plaintiff's claims be remanded for further administrative proceedings. (Dkt. 16.)

In March 2020, pursuant to a signed stipulation between the parties, Plaintiff's counsel was awarded $6,960.00 in attorneys' fees and expenses under the EAJA, 28 U.S.C. § 2412. (Stipulation and Order Regarding Attorney's Fees ("Attorney's Fees Stip."), Dkt. 18.)

On August 20, 2020, on remand, an ALJ issued a partially favorable decision, awarding Plaintiff past-due benefits for her and her child. (*See* Mot. ¶¶ 2, 2 n.2.)

2

In a Notice of Award ("NOA") dated December 13, 2020, the SSA informed Plaintiff that it was awarding her $65,526.00 in past-due benefits from September 2016 through August 2020. (*See* "Plaintiff's NOA," Ex. A to Mot. at 1, 4, Dkt. 20-1.) Plaintiff's NOA also stated that the SSA was withholding $16,381.50 to pay Plaintiff's lawyer, which represents 25% of the past-due benefits. (*Id.* at 4.)

In an NOA dated January 31, 2021, the SSA informed Plaintiff that it was awarding her child "ADE" $36,293.00 in past-due benefits for the period September 2016 through January 2021. (*See* "Plaintiff's Child's NOA," Ex. A to Mot. (starting at ECF page 8) at 1, 5.) The SSA stated that the first check would be for $30,293.00, and that it was withholding $6,000.00 to pay ADE's representative. (*Id.* at 5.)

Plaintiff's counsel noted that the time period for calculating Plaintiff's child's past-due benefits was incorrect, as it should have been only through August 2020, not January 2021. (*See* Mot. at ¶ 2 n.2.; Defendant's Response ("Def. Resp.") at 1-2, Dkt. 21.) The SSA's withholding of $6,000.00 was also incorrect, as that amount does not represent 25% of $36,293.00. According to Plaintiff's counsel, "[t]he ALJ and payment center have both been notified multiple times that the withholding and award was incorrect . . . ." (Mot. at 7.)

In a letter to Plaintiff dated March 8, 2021, the SSA again stated that the first check for ADE's past-due benefits would be for $30,293.00, representing the money she was owed "through February 2021." ("March 8 Letter," Ex. A to Mot. (starting at ECF page 13) at 1.) In addition, while stating that the lawyer's fee would be no greater than 25% of the past-due benefits, the SSA reiterated that it was withholding $6,000.00 to pay attorneys' fees. (*Id.* at 2.)

The SSA did not issue a corrected NOA. On March 19, 2021, in order "to avoid any further delay" (Mot. at 8), Plaintiff's counsel emailed Defendant's counsel a "draft motion" for attorneys' fees. (*See* Def. Resp. at 2.)

On April 2, 2021, Defendant responded to Plaintiff's motion for attorneys' fees, informing her for the first time that the correct award for ADE was $32,745.00. (*Id.* at 1-2.)

3

On April 7, 2021, in accordance with the Honorable Judge Kuntz II's Individual Motion Practices and Rules ("Individual Motion Practices and Rules of WFK II" § IIIG1), the parties filed the fully briefed Motion.

In response to the Court's inquiry, Defendant stated that the SSA has not issued a notice of award stating the correct amount of past-due benefits or withheld attorneys' fees. (*See* Status Report dated July 5, 2022, Dkt. 24.) At a hearing held on July 11, 2022, Michael Corona, on behalf of the SSA, confirmed that the award indicated in Plaintiff's Child's NOA is incorrect, that past-due benefits should have been calculated only until August 2020, and that the correct amount in past-due benefits for ADE is $32,745.00. (Transcript of July 11, 2022 Hearing ("Tr.") 3:10-18.) He also confirmed that his calculations are binding on Defendant, and that the SSA would not be issuing an updated notice of award. (Tr. 3:20-4:1, 4:13-19.)

## ANALYSIS

Section 406(b) "authorizes a court that enters a judgment favorable to a social security claimant to award, 'as part of its judgment,' a reasonable fee for counsel's representation before the court, not to exceed 25% of the total past-due benefits to which the claimant is entitled 'by reason of such judgment.'" *Sinkler v. Comm'r of Soc. Sec.*, 932 F.3d 83, 86 (2d Cir. 2019) (quoting 42 U.S.C. § 406(b)(1)(A)).

In the Motion, Plaintiff's counsel requested that 25% of the past-due benefits for Plaintiff and her child be awarded to Daley as principal attorney of Daley Disability Law, P.C., in accordance with the Fee Agreement. (Mot. ¶ 5.) Defendant argues that the Motion is untimely. (Def. Resp. at 2.)

### I.     Timeliness of Plaintiff's Motion for Attorneys' Fees

The Second Circuit has found that motions for attorneys' fees by successful Social Security claimants under 42 U.S.C. § 406(b) are subject to the fourteen-day limitations period of Federal Rule of Civil Procedure 54(d)(2)(B). *Sinkler*, 932 F.3d at 85, 87-88. Although it reasoned that tolling the time from remand of the case to issuance of the Commissioner's award is "sensibl[e]" because a party "cannot be expected to file an application for attorney's fees that are statutorily capped by the amount of an as-yet-unknown benefits award," it also held that "[o]nce counsel receives notice of the benefits award—and,

4

therefore, the maximum attorney's fees that may be claimed—there is no sound reason not to apply Rule 54(2)(B)'s fourteen-day limitations period to a § 406(b) filing, just as it would apply to any other final or appealable judgment." *Id.* at 88.

The Second Circuit recognized that Rule 54's "fourteen-day limitations period is not absolute," noting that the rule itself states that the time period applies "[u]nless a statute or a court order provides otherwise." *Id.* at 89 (alteration in original) (quoting Fed. R. Civ. P. 54(d)(2)(B)). Furthermore, "district courts are empowered to enlarge that filing period where circumstances warrant," *id.* at 89, and the appellate court "will generally defer to a district court in deciding when such an alteration is appropriate . . . ." *Id.* at 90 (affirming district court's denial of motion as untimely where plaintiff waited more than six months after receiving notice of benefits award before filing request for attorneys' fees, without presenting good cause).

Defendant contends that when Plaintiff's counsel sent him the draft motion on March 19, 2021, it was already 96 days after Plaintiff's NOA and 47 days after Plaintiff's Child's NOA. (Def. Resp. at 2.) Without analysis, Defendant states, "It is up to the Court to determine whether tolling is applicable under the circumstances and whether the Section 406(b) Motion was timely." (*Id.*)

Plaintiff received notice of her award—but not that of her child's—on December 13, 2020. Without information regarding her child's award, Plaintiff's counsel did not receive notice of "the maximum attorney's fees that may be claimed," *Sinkler*, 932 F.3d at 88, and, therefore, the fourteen-day limitations period did not begin to run on that date. *See Ferreira v. Kijakazi*, No. 18-CV-1469 (AEK), 2022 WL 123623, at *3 (S.D.N.Y. Jan. 13, 2022) (NOAs for plaintiff's children "provided partial information about the scope of the attorney's fees that would be available . . . [but without plaintiff's NOA], they did not provide enough information for [plaintiff's counsel] to be able to determine the maximum attorney's fee available under § 406(b)."); *Kraft v. Comm'r of Soc. Sec.*, No. 18-CV-853S, 2021 WL 1540502, at *2 (W.D.N.Y. Apr. 20, 2021) ("[C]ounsel did not receive notice of the 'maximum attorney's fees that may be claimed' until the [SSA] transmitted to her notice of [p]laintiff's children's award.").

5

When Plaintiff received notice of her child's award on January 31, 2021, it contained the obvious error that the withheld amount of $6,000.00 represented 25% of the stated benefits amount of $36,293.00. In addition, the covered period for past-due benefits should have been through August 2020, not January 2021. Defendant does not dispute that Plaintiff's counsel notified the SSA that the withheld amount and award were incorrect, or that on March 8, 2021, the SSA issued a letter that repeated rather than corrected the errors. Within eleven days of receiving that letter, Plaintiff's counsel served Defendant with a "draft" of the Motion.

Plaintiff's counsel argues that because the SSA has never issued a corrected NOA for Plaintiff's child, the fourteen-day limitations period *still* has not begun to run. (Mot. at 1 n.1, 8.)

*Sinkler* requires that counsel "receive[] notice of the benefits award—and, therefore, the maximum attorney's fees that may be claimed . . . ." *Sinkler*, 932 F.3d at 88. It does not require that a formal corrected NOA be issued before the fourteen-day limitations period begins to run. To read *Sinkler* otherwise would allow the time in which to file a § 406(b) application to be tolled indefinitely when the SSA has made clear that no corrected NOA will be issued. Rather, some other form of "notice" may be sufficient.

Here, Plaintiff's counsel did not passively await a corrected NOA. Instead, she "was proactive about seeking the information [she] would need in order to make a § 406(b) application." *See Ferreira*, 2022 WL 123623, at *3. She alerted the SSA to its obvious errors and attempted to obtain a corrected NOA. After those efforts failed, Plaintiff's counsel demonstrated that she was "mindful of [her] deadline for seeking attorney's fees," *id.*, by initiating the process for filing her motion for attorneys' fees eleven days after the March 8 Letter, even without all the necessary information. It was through these efforts that she was finally able to prompt the SSA to state the correct information.

When Plaintiff's counsel learned of the correct amount of Plaintiff's child's award—*i.e.*, through Defendant's Response to the Motion on April 2, 2021 that the corrected past-due benefits amount for Plaintiff's child was $32,745.00—she was placed on sufficient notice of the benefits award, and the limitations period began to run.

6

On this record, the Motion was filed five days later, on April 7, 2021, and is not untimely.

## II.     Reasonableness of the Requested Fees

42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment . . . .

42 U.S.C. § 406(b)(1)(A). The Commissioner of Social Security may "certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits." *Id.*[1]

The Supreme Court has explained that "§ 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements." *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002). "Although § 406(b) requires the district court to review the reasonableness of any requested fee, because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the district court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." *Cahill v. Colvin*, No. 12-CV-9445 (PAE)(MHD), 2016 WL 4581342, at *1 (S.D.N.Y. Sept. 2, 2016) (citing *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990)).

In assessing the reasonableness of a contingency fee, the court should "determine whether the contingency percentage is within the 25% cap; it should also consider whether there has been fraud or overreaching in making the agreement, and whether the requested amount is so large as to be a windfall to the attorney." *Wells*, 907 F.2d at 372 (citations omitted); *see also Gisbrecht*, 535 U.S. at 808; *Torres v. Colvin*, No. 11-CV-5309 (JGK), 2014 WL 909765, at *2 (S.D.N.Y. Mar. 6, 2014).

---

[1] Accordingly, Section 406(b) does not constitute fee-shifting, since fees awarded under the statute are paid by a Social Security claimant to his or her own attorney. *See Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002); *Wells v. Sullivan*, 907 F.2d 367, 371 (2d Cir. 1990).

### A. Whether the Fee is Within the 25% Cap

Based on a total award of $98,271.00[2] in past-due benefits (reflecting an award of $65,526.00 to Plaintiff and $32,745.00 to Plaintiff's child) (Def. Resp. at 3; Mot. ¶ 2), the requested amount of $24,567.75[3] is within the 25% cap.

### B. Whether There is Evidence of Fraud or Overreaching

The Fee Agreement provides for a 25% contingency fee. There is no evidence of fraud or overreaching in the making of the contingency agreement. *See Schweizer v. Mulvehill*, 93 F. Supp. 2d 376, 403-04 (S.D.N.Y. 2000) ("Courts will protect counsel's right to an agreed-upon contingent-fee percentage, unless counsel has forfeited his right to compensation by misconduct, or the agreement was induced by fraud, or the attorney has taken some unconscionable advantage of his client, or the agreement is illegal.").

### C. Whether the Fee Constitutes a Windfall

"When determining whether a fee award constitutes a windfall . . . the Court considers: (1) 'the ability and expertise of the lawyers and whether they were particularly efficient,' (2) 'the nature and length of the professional relationship with the claimant,' (3) 'the satisfaction of the disabled claimant,' and (4) 'how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result.'" *Tracy L. v. Comm'r of Soc. Sec.*, No. 18-CV-01250 (EAW), 2022 WL 1536711, at *2 (W.D.N.Y. May 16, 2022) (quoting *Fields v. Kijakazi*, 24 F.4th 845, 854-55 (2d Cir. 2022)).

"[C]ourts in this circuit have generally refrained from finding a windfall based on the resulting hourly rate when the contingent fee falls within the 25 percent boundary." *Rowell v. Astrue*, No. 05-CV-1592 (CBA)(JMA), 2008 WL 2901602, at *5 (E.D.N.Y. July 28, 2008). To determine whether a fee award

---

[2] Following the SSA's calculation methodology, the monthly award amounts are "round[ed] down to the nearest dollar." (Plaintiff's NOA at 1.)

[3] Defendant incorrectly calculated 25% of $98,271.00 to be $24,576.00 (Def. Resp. at 2, 3), and Plaintiff's Counsel adopted this amount in the Motion. (Mot. at 9.) During the hearing, both parties agreed that the correctly calculated amount is $24,567.75. (Tr. 5:7-21.)

is a windfall, "courts must consider more than the de facto hourly rate," because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." *Fields*, 24 F.4th at 854.

Plaintiff's counsel requests $24,567.75. Although Plaintiff's counsel claims 39.55 hours of legal work (Mot. ¶ 8), the submitted timesheets show that Marcus performed 31.6 hours of work and Attorney Frederick Daley performed 0.5 hours of work, while legal assistants performed an additional eight hours of work, for a total of 40.1 hours. (*See* Ex. D to Mot. ("Timesheet"), Dkt. 20-4.) Courts have reached varying conclusions on how work performed by non-attorneys should be compensated under Section 406(b). *De Los Santos v. Comm'r of Soc. Sec.*, No. 18-CV-2113 (NSR)(LMS), 2020 WL 12654676, at *4 (S.D.N.Y. May 14, 2020); *Rita M. B. v. Berryhill*, No. 16-CV-0262 (DEP), 2018 WL 5784101, at *6 n.7 (N.D.N.Y. Nov. 5, 2018). Without considering the legal assistants' hours, the *de facto* attorney rate is $765.35 an hour based on 32.1 hours of work by attorneys. Including the legal assistants' work results in a blended rate of $612.66. Both rates are reasonable.

### 1. Ability, Expertise, and Efficiency

Plaintiff submitted time records indicating that Meredith Marcus, a Senior Attorney at Daley Disability Law, P.C., performed nearly all of the legal services on behalf of Plaintiff from April 1, 2019 through February 12, 2020. (*See* Ex. C to Mot. at 3 (ECF pagination), Dkt. 20-3; Timesheet.) Marcus "has been practicing Social Security law since November 2010" and has "over 400 cases listed in Westlaw in the Federal Courts." (Mot. ¶ 8 n.3.) Marcus "has represented claimants administratively, in Federal Courts and in the Sixth and Seventh Circuit Courts" and "oversaw litigation in the Supreme Court." (*Id.*) Marcus was also the "chair of the Social Security Disability Committee for the Chicago Bar Association for 2018-2019 . . . ." (*Id.*)

Marcus's ability to obtain a stipulation and order remanding Plaintiff's claims, avoiding costly and time-consuming opposition and reply briefing, speaks to Counsel's efficiency and effectiveness in this case.

9

As for billable hours, "[d]istrict courts within this Circuit endorse a twenty to forty-hour range as 'reasonable' for 'a typical Social Security disability appeal in federal court.'" *Bass v. Kijakazi*, No. 16-CV-6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) (quoting *Rivera Hernandez v. Comm'r, Soc. Sec. Admin.*, 19-CV-04025 (PAE)(KHP), 2020 WL 2765866, at *3 (S.D.N.Y. May 28, 2020)). However, courts often approve of hours well in excess of that range when the facts of the case warrant it. *Borus v. Astrue*, No. 09-CV-4723 (PAC)(RLE), 2012 WL 4479006, at *3 (S.D.N.Y. Sept. 28, 2012) (finding compensations for approximately 54 hours reasonable); *see, e.g.*, *Colegrove v. Barnhart*, 435 F. Supp. 2d 218, 220-21 (W.D.N.Y. 2006) (finding 95.5 hours appropriate where administrative record was over 1,100 pages); *Rivera Hernandez*, 2020 WL 2765866, at *3-4 (finding attorney's expenditure of 70.5 hours reasonable given the lengthy administrative record). Marcus and Daley billed a total of 32.1 hours, which is within the accepted range.[4] There is no indication that Marcus or Daley spent an unnecessary amount of time on any task or were inefficient. As such, the Court finds the number of hours the attorneys spent on various tasks to be reasonable.

Finally, Marcus has received similar *de facto* rates in the past. (Mot. ¶ 8.)[5] A *de facto* rate of $765.35 is within the range of what courts in this district have approved. *See, e.g.*, *Fields*, 24 F.4th 845 (reversing district court's order and remanding with instructions to award a $40,170.00 fee for 25.8 hours of work at the federal level, corresponding to *de facto* hourly rate of $1,556.98); *Campana v. Saul*, No. 16-CV-960, 2020 WL 3957960, at *2 n.1 (W.D.N.Y. July 13, 2020) ("While the fee here constitutes an hourly rate of $1,000 . . . the precedent cited in counsel's fee application and the incentive necessary for counsel to take contingency-fee cases weigh in favor of approving the fee here."); *Sims v. Comm'r of Soc. Sec.*, No. 17-CV-798 (FPG), 2020 WL 812923, at *2 (W.D.N.Y. Feb. 19, 2020) (approving a *de facto* hourly rate of $980.87,

---

[4] Including the legal assistants' additional eight hours of work results in a total of 40.1 hours, which is only slightly above the range considered reasonable for a typical case.

[5] Marcus has received *de facto* rates ranging from $661.83 to $1,544.01 in similar cases in other districts. (Mot. ¶ 8 (citations omitted).)

10

where "counsel developed meritorious, non-boilerplate arguments on the claimant's behalf"); *Dillon v. Saul*, No. 16-CV-425 (MAT), 2020 WL 360966, at *3 (W.D.N.Y. Jan. 22, 2020) (finding a *de facto* hourly rate of $697.20 "does not appear to be so large as to be a windfall to the attorney"); *McDonald v. Comm'r of Soc. Sec.*, No. 16-CV-926 (FPG), 2019 WL 1375084, at *2-3 (W.D.N.Y. Mar. 27, 2019) (approving a *de facto* hourly rate of $1,051.64, where "Plaintiff's attorney filed a persuasive brief that led to an award of benefits, and the hours he expended in doing so were appropriate"); *Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (awarding $48,064.00 fee for 19.75 hours of work, corresponding to an hourly rate of $2,100.00).

### 2. *Nature and Length of Professional Relationship*

Plaintiff's counsel's firm has had a lengthy and successful professional relationship with Plaintiff. The firm began representing Plaintiff at the SSA Appeals Council level of review before bringing this action in federal court. (Mot. ¶ 9.) The Court reversed Defendant's adverse decision and remanded for further administrative proceedings, where Plaintiff eventually prevailed due to her counsel's efforts. Among other tasks, Plaintiff's counsel sought judicial review of Plaintiff's case, reviewed the administrative record, drafted Plaintiff's medical background, and ultimately got Plaintiff's case remanded, resulting in a favorable decision. (*See* Timesheet.)

### 3. *Satisfaction of Disabled Claimant*

As a result of her counsel's efforts, Plaintiff received a favorable judgment and a nearly six-figure award. *See, e.g.*, *Fields*, 24 F.4th at 855 ("[Plaintiff] stands to receive a six-figure award of past-due benefits as well as ongoing monthly benefits," and as a result, "there is no reason to think he is dissatisfied."); *Ricciardi v. Comm'r of Soc. Sec.*, No. 19-CV-3304 (MKB), 2022 WL 1597401, at *4 (E.D.N.Y. May 19, 2022); *Philip v. Comm'r of Soc. Sec.*, No. 18-CV-5005 (SN), 2021 WL 681289, at *3 (S.D.N.Y. Feb. 22, 2021) ("Counsel's efforts were particularly successful given that 'they contributed to the Commissioner's ultimate decision to stipulate to a remand' . . . ." (citation omitted)). Plaintiff "has not objected to the [t]otal

[r]equested [f]ees . . . ." *See Newlin v. Kijakazi*, No. 19-CV-6248 (SLC), 2022 WL 950981, at *5 (S.D.N.Y. Mar. 30, 2022).

"[T]here is no reason to think [Plaintiff] is dissatisfied" with Counsel's efforts or the results. *Fields*, 24 F.4th at 855; *see Hughes v. Saul*, No. 20-CV-01609, 2022 WL 2161191, at *1 (E.D.N.Y. June 15, 2022) ("There are no objections to [counsel's] expertise or the quality of his representation of [plaintiff].").

### 4. *Uncertainty of the Case*

Plaintiff and her counsel entered into their agreement almost three years ago. "In light of the inherent uncertainty of social security cases, this factor also weighs in favor of the fee request." *Ricciardi*, 2022 WL 1597401, at *5.

In the agreement between Plaintiff and her counsel, "payment . . . is inevitably uncertain, and any reasonable fee award must take account of that risk." *Velez v. Comm'r of Soc. Sec.*, No. 18-CV-9754 (AEK), 2021 WL 2310517, at *4 (S.D.N.Y. June 7, 2021) (alteration in original) (quoting *Nieves v. Colvin*, No. 13-CV-1439 (WHP)(GWG), 2017 WL 6596613, at *2 (S.D.N.Y. Dec. 26, 2017)). Moreover, Plaintiff's application was previously rejected, denied on reconsideration before the ALJ, and denied before the Appeals Council, demonstrating that Plaintiff's likelihood of success on appeal was, at the least, not guaranteed.

Accordingly, based on the above-mentioned considerations, I find an award of $24,567.75 to be reasonable under Section 406(b).

### III.   Refund of the EAJA Fees to Plaintiff

The Supreme Court has recognized that fee awards in actions to review Social Security benefit determinations may be made under both the EAJA and under Section 406(b), "but the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796 (alteration in original) (citation omitted); *see also Cahill*, 2016 WL 4581342, at *2 n.1 (noting plaintiff's

attorney will properly remit the smaller of the fees awarded under the EAJA and Section 406(b) to the client).

Here, Plaintiff was awarded $6,960.00 for attorneys' fees and expenses under the EAJA. (Attorney's Fees Stip.)  Plaintiff agreed that payment of these fees would go directly to her counsel.  (*Id.*) Plaintiff's counsel has agreed to refund the $6,960.00 received under the EAJA, as it is the lesser of the two fee awards.  (Attorney's Fees Stip.; Mot. at 9.)

## **CONCLUSION**

Based on the foregoing, I respectfully recommend that Plaintiff's Motion for Attorneys' Fees be granted with the modifications stated above, *i.e.*, that Plaintiff's counsel be awarded $24,567.75 in attorneys' fees.

Any written objections to this Report and Recommendation must be filed within 14 days of service of this report.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to file objections within the specified time waives the right to appeal any order or judgment entered based on this Report and Recommendation. *Caidor v. Onondaga Cnty.*, 517 F.3d 601, 604 (2d Cir. 2008).

SO ORDERED:

*Peggy Kuo*
PEGGY KUO
United States Magistrate Judge

Dated:  August 18, 2022
	Brooklyn, New York